SAWYER (BAILEY v.). See Case No. 744.
SAWYER (BARTHOLOMEW v.). See Case No. 1,070.

---

## Case No. 12,398.

### SAWYER v. BIXBY et al.

[9 Blatchf. 361; 5 Fish. Pat. Cas. 283; 1 O. G. 165; Merw. Pat. Inv. 326.] [1]

Circuit Court, S. D. New York. Jan. 27, 1872.

PATENTS — PATENTABLE INVENTION — METHOD OF PUTTING UP POWDERS.

1. The reissued letters patent granted to Henry Sawyer, October 1st, 1867, for an "improvement in putting up powders, &c.," which claim, as a new article of manufacture, "a package or case, which, when made with distributing holes, and filled, is cemented by the wax or wafer, as set forth," do not claim any patentable invention.

[Cited in Reckendorfer v. Faber, Case No. 11,625.]

2. The invention claimed is a small cylindrical box, perforated at the end with holes, and having the perforations closed by wax, or wafer, or paper pasted on, to retain the contents, while the box is being transported, the wax or wafer being removed, or the paper punc-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 9 Blatchf. 361, and the statement is from 5 Fish. Pat. Cas. 283. Merw. Pat. Inv. 326, contains only a partial report.]

tured, when it is desired to permit the contents to pass through the holes. Everything in such invention, both in means and in result, was old.

[Cited in Milligan & Higgins Glue Co. v. Upton, Case No. 9,607; Reckendorfer v. Faber, Id. 11,625.]

[This was a bill in equity by Henry Sawyer against Samuel M. Bixby and Clarence Tucker.]

[Final hearing on pleadings and proofs. Suit brought upon reissued letters patent No. 2,769 for an "improvement in putting up powders, etc.," granted to complainant October 1, 1867. [The original letters patent were granted January 5, 1864 (No. 41,097).] The nature of the invention is sufficiently set forth in the opinion. In the accompanying engraving, a is the box; c, the perforated top; and d, the exterior covering of paper.] [2]

Andrew J. Todd, for plaintiff.
Charles A. Durgin, for defendants.

WOODRUFF, Circuit Judge. The complainant alleges that the defendants have infringed re-issued letters patent granted to him October 1st, 1867, for an "improvement in putting up powders, &c." The claim contained in the specification annexed is in these words: "What I claim as a new article of manufacture is, a package or case, which, when made with distributing holes and filled, is cemented by the wax or wafer, as set forth."

The specification and the specimens of the manufacture produced show, that what the plaintiff claims as an invention, is a small cylindrical box, perforated at the end after the manner of a pepper or sand box, for the purpose of conveniently and evenly distributing the powder contained within it, when put to use, and the closing of these perforations by wax, or wafer, or paper, pasted, or made to adhere by mucilage, or some glutinous substance, for retaining the powder when sold and transported by the manufacturer, dealer or customer, the wax or wafer being removed, or the paper punctured, when it is desired to use the powder. I am decidedly of opinion, that, in this device, there is no patentable invention. Pepper boxes, sand boxes, dredge boxes, and spice boxes, either of which is exactly adapted to the distribution of powder of any kind, are not new and are not claimed to be new. In construction and effect, they are substantially like, and, in mechanical structure, identical with, the plaintiff's cylindrical box, perforated at one end for the distribution of the powder. In respect of distribution, the plaintiff employs no new means and produces no new result. The closing of packages of various forms, and of bottles, by wax, or wafer, or the pasting of paper, made to

---

[2] [From 5 Fish. Pat. Cas. 283.]

attach itself by the use of gum, or other adhesive material, is no more new than the other; and, when those or either of them are applied to the openings in the plaintiff's boxes, they produce no new result. They close the openings, and that is all. They are old means, and they produce their old and obvious, well-known result. In combination, there is no other effect. Each performs the same office, in the same manner, as it does when employed for any other purpose, and precisely as it must, whatever be the form of the package, or the particular use to which the package is applied. The employment of these instrumentalities, in putting up packages for transportation, is, therefore, the exercise of judgment in selecting, not of invention in devising or combining. At most, it consists in applying old devices to a new use, which, when it involves no new means and produces no new effect, is not patentable, notwithstanding it may be useful to combine the two results, by uniting the two instrumentalities.

But this is not all. The proof shows, that, long before the plaintiff's supposed invention, paper boxes and sand boxes, with a perforated end, were not only used for the convenient distribution of their contents, but were put up for transportation and sale, with the perforations covered by thin paper pasted thereon, to be removed or punctured when actually used.

I find no ground upon which to sustain the claim of the plaintiff to any decree herein. The bill of complaint must be dismissed, with costs.